UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JUST, | No. 2:13-cv-01988-AC-P |
| Plaintiff, | |
| v. | ORDER |
| PAT COCHRAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S. § 1983. Pending before the court is Defendant Cochrane, Potter, Franklin, and Gower's motion to dismiss the complaint for failing to exhaust administrative remedies pursuant to non-enumerated Fed. R. Civ. P. 12(b) and for failing to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 27.

On April 3, 2014, the Ninth Circuit overruled Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), and held that the defense of failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) should in most cases be presented in a motion for summary judgment rather than a motion to dismiss under unenumerated Rule 12(b). Albino v. Baca, No. 10-55702, 2014 WL 1317141 (9th Cir. Apr. 3, 2014) (en banc). While the motion to dismiss does cite the Albino opinion, defendants still assert that the proper procedural vehicle for raising the non-exhaustion defense is an unenumerated 12(b) motion because plaintiff's "claim that he attempted to pursue administrative remedies, but was thwarted by prison officials, is simply unsupported in any

1

1 manner." ECF No. 27 at 5.  However, the Ninth Circuit's decision in Albino makes clear that it is
2 only the rare case in which non-exhaustion will be obvious from the face of the complaint.
3 Albino, 2014 WL 1317141 at *11-12.

4      This court's review of plaintiff's complaint indicates that plaintiff does not concede that
5 he has failed to exhaust administrative remedies.  ECF No. 9 at 1-2.  Instead, he asserts that his
6 602 forms have been ignored by prison officials, thereby rendering administrative remedies
7 effectively unavailable to him.  See Sapp v. Kimbrell, 623 F.3d 813 (9th Cir. 2010); see also ECF
8 No. 9 at 1-2.  What is clear from the present record is that the exhaustion question involves
9 contending factual allegations that are not appropriate for resolution in a motion under Rule 12.
10 See Albino, 2014 WL 1317141 at *12.

11      Because defendants have moved for dismissal of the amended complaint as
12 administratively unexhausted pursuant to Rule 12(b), and have not complied with the
13 requirements of Rule 56, the court will vacate the motion and direct the defendants to file within
14 fourteen (14) days a motion that complies with Albino.  The portion of defendants' motion that
15 asserts failure to state a claim, and does not involve administrative exhaustion, may be refiled as a
16 separate motion or in combination with a motion for summary judgment pursuant to Rule 56
17 regarding plaintiff's alleged failure to exhaust.

18      Accordingly, IT IS ORDERED that:

19      1. Defendants' motion to dismiss (ECF No. 53) is vacated; and,

20      2. Defendants may, within fourteen days, bring a motion for summary judgment pursuant
21 to Fed. R. Civ. P. 56 on the issue of administrative exhaustion.  In doing so, defendants must
22 provide plaintiff with the notice required under Rand v. Rowland, 154 F.3d 952, 957 (9th Cir.
23 1998) (en banc).

24      3. Defendants may, within fourteen days, re-file that portion of the vacated motion
25 brought pursuant to Rule 12(b)(6) in a separate motion or in combination with any motion for
26 ////
27 ////
28 ////

1 | summary judgment regarding the exhaustion of administrative remedies.

DATED: April 23, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE