UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JUST, | No. 2:13-cv-01988 AC P |
| Plaintiff, | |
| v. | ORDER |
| PAT COCHRAN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) the Rule 12(b)(6) motion of defendants Cochrane, Beard and Gower to dismiss for failure to state a claim against them (ECF No. 31); (2) all defendants' Rule 56 motion for summary judgment based upon plaintiff's asserted failure to properly exhaust administrative remedies (ECF No. 32); and (3) plaintiff's motion for the appointment of an investigator, and for the production of documents from his "Central C.D.C.R. Inmate file" (ECF No. 33).

Plaintiff has not filed a response to defendants' motions, and defendants have not filed a response to plaintiff's motion. However, plaintiff's request for an investigator and for documents from his Central File states that he needs access to these documents (and the assistance of the investigator) in order to support his claims. Accordingly, the court will waive the untimeliness of his filing, and consider his motion to be a request, under Fed. R. Civ. P. 56(d), to defer the

1

summary judgment motion so that he may obtain essential facts needed to justify his opposition thereto. Having so construed the request, the court rules as follows.

## I. THE COMPLAINT

The Complaint alleges that while incarcerated at "C.C.C. Susanville," plaintiff was forced to work under unsafe conditions. Specifically, his work exposed him to toxic materials, including asbestos, raw sewage, urine and feces, but he was denied access to protective clothing or other protective equipment. Complaint (ECF No. 9) ¶ 1. Defendants Cochran, Gower and Beard failed to protect plaintiff by failing to educate and train plaintiff's employers and supervisors about the dangers involved and the required safety procedures. Complaint ¶ 5. These three defendants then transferred plaintiff, after he complained, in order to obstruct any investigation of his complaints. Complaint ¶ 9.

## II. THE MOTION TO DISMISS

Defendants Beard, Cochran and Gower move to dismiss on the grounds that plaintiff seeks to impose "respondeat superior" liability on them, and that such liability is not available under Section 1983. As noted, plaintiff has not filed an opposition to the motion.

Local Rule 230(*l*) requires plaintiff to file an opposition to the motion, or a statement of no opposition. It further provides that "[f]ailure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion …." Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Accordingly, plaintiff will be ordered to oppose the Motion To Dismiss, or to file a statement of non-opposition.[1]

## III. THE SUMMARY JUDGMENT MOTION

All defendants have moved for summary judgment, arguing that plaintiff has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), or has failed to do so "properly." As discussed above, the court construes plaintiff's request for an investigator, and

---

[1] The Federal Rules permit this court to dismiss the case for failure to prosecute, if plaintiff fails to comply with the court's orders. Fed. R. Civ. P. 41(b).

access to his Central File, to be a Rule 56(d) request for additional time to gather evidence in opposition to the summary judgment motion.  That request will be granted, and decision on the summary judgment motion will be deferred.

## IV.  REQUEST FOR APPOINTMENT OF AN INVESTIGATOR

Plaintiff asks the court to appoint an investigator for him because his status as an incarcerated prisoner makes it too difficult for him to gather evidence, and besides, he does not know how to litigate a case.  ECF No. 33.  The established rule is that "the expenditure of public funds is proper only when authorized by Congress."  U. S. v. MacCollom, 426 U.S. 317, 321 (1976); Tedder v. Odel, 890 F.2d 210 (9th Cir.1989) (same).  The in forma pauperis statute, while expressly authorizing public expenditures for very limited purposes, does not authorize the expenditure of public funds on investigators.  See 28 U.S.C. § 1915(d) (authorizing court officers to issue and serve all process).  Accordingly, this court cannot use public funds to pay for an investigator.  MacCollom, 426 U.S. at 321 ("Where Congress has addressed the subject as it has here, and authorized expenditures where a condition is met, the clear implication is that where the condition is not met, the expenditure is not authorized").  The request for appointment of an investigator will therefore be denied.

## V.  REQUEST FOR DOCUMENTS.

Plaintiff requests an order compelling defendants to provide a copy of his Central CDCR Inmate File.  ECF No. 33.  As noted, defendants have not responded to this motion.  However, the request is buried within the motion to appoint counsel, to which defendants have no obligation to respond.  Accordingly, defendants' oversight will be excused.

The court will compel disclosure only where plaintiff has shown that he has already requested the documents from the opposing party, and the documents have been improperly withheld.  See Fed. R. Civ. P. 37(a)(3)(A) (motion to compel disclosure is proper only if requested party fails to make a disclosure).  Plaintiff does not assert that he has requested the documents from defendants.  Nor does he assert that he has exercised his legal right to review his Central File records, as provided for under California law.  See Cal. Code Regs. tit. 15, § 3375(h) ("An inmate shall be provided a copy of all non-confidential CDCR staff-generated

documentation and reports placed in the inmate's central file unless otherwise requested in writing by the inmate").

Therefore, plaintiff's request for compelled disclosure will be denied without prejudice. However, plaintiff will be granted additional time to gather the evidence he needs to oppose the summary judgment motion.

## VI.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, plaintiff shall file an opposition, or a statement of no opposition, to the Motion To Dismiss.  Failure to comply will be deemed as consent to have the (a) pending motion granted, (b) action against defendants Cochrane, Beard and Gower dismissed for lack of prosecution, and (c) action against defendants Cochrane, Beard and Gower dismissed based on plaintiff's failure to comply with these rules and a court order. Said failure shall result in a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b);

2. Plaintiff's request for the appointment of an investigator (ECF No. 33) is DENIED without prejudice;

3. Plaintiff's request for the compelled production of documents (ECF No. 33) is GRANTED IN PART AND DENIED IN PART.  It is DENIED insofar as it seeks compelled production from defendants at this time.  However, construed as a Rule 56(d) motion to defer decision on defendants' summary judgment motion, it is GRANTED.  Plaintiff is granted sixty days from the date of this order to file an opposition, or a statement of no opposition, to the summary judgment motion.

DATED: October 9, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE